UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARTHUR BROTHERS,

    Petitioner,

v.                                                      CASE NO. 6:06-cv-1601-Orl-28DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

Petitioner filed an amended petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 10). Respondents filed a response to the amended petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 18). Petitioner was given an opportunity to file a reply to the response, but did not do so.

Petitioner alleges four claims for relief in his amended petition. As discussed below, the Court finds that this case is untimely and must be dismissed.

*Procedural History*

Petitioner was charged by an amended information with grand theft of a motor vehicle (count one) and burglary of a conveyance (count two). A trial was conducted, and the jury found Petitioner guilty as charged. The state trial court sentenced Petitioner to concurrent five-year terms of imprisonment as to each count to be served consecutively to any other sentence being served by Petitioner. Petitioner appealed the convictions and sentences. On August 5, 2003, the Fifth District Court of Appeal of Florida *per curiam* affirmed. Mandate issued on August 22, 2003.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on May 18, 2004.[1] The state trial court denied the motion, and Petitioner appealed. On February 14, 2006, the appellate court *per curiam* affirmed. Mandate issued on March 3, 2006.

Petitioner filed his initial federal habeas petition on October 4, 2006. The Court ordered him to file an amended habeas petition, which was filed on November 10, 2006.

***Petitioner's Habeas Corpus Petition is Untimely***

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[1] This is the filing date under the "mailbox rule." See *Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

> pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on direct appeal on August 5, 2003. Petitioner then had ninety days, or through November 3, 2003, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under § 2244(d)(1)(A), the judgment of conviction became final on November 3, 2003, and Petitioner had through November 3, 2004, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired).

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. At the time Petitioner filed his Rule 3.850 motion on May 18, 2004, 196 days of the one-year limitation had passed and 169 days remained. Assuming that Petitioner's Rule 3.850 motion was properly filed, the time was tolled through March 3, 2006, when the appeal of the state trial court's denial of the Rule 3.850 motion concluded. Accordingly, Petitioner had through August 19, 2006, (169 days from March 3, 2006), to file his federal habeas corpus petition. Petitioner filed his initial federal habeas petition on October 4, 2006, forty-six days after the one-year limitation expired. Thus, the instant habeas corpus petition was not timely filed and must be denied.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 2 day of July, 2007.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sc 6/29
Arthur Brothers
Counsel of Record